# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| STEPHEN SAMPLES, | ) Case No. _____ |
| | ) |
| Plaintiff, | ) Judge: |
| | ) |
| v. | ) Magistrate Judge: |
| | ) |
| MEDICREDIT, INC., | ) **COMPLAINT AND TRIAL BY** |
| | ) **JURY DEMAND** |
| Defendant. | ) |
| | ) |

## NATURE OF ACTION

1. Plaintiff Stephen Samples ("Plaintiff") brings this action against Defendant Medicredit, Inc. ("Defendant") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION, VENUE, AND STANDING

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

4. Congress is "well positioned to identify intangible harms that meet minimum Article III requirements," thus "Congress may 'elevat[e] to the status of legally cognizable injuries concrete, *de facto* injuries that were previously

inadequate in law.'" *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1549, 194 L. Ed. 2d 635 (2016) (quoting *Lujan v. Defs of Wildlife*, 504 U.S. 555, 578 (1992)).

5. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a debt collector's breach of a right afforded a consumer under the FDCPA causes an injury in fact for Article III standing, even where the harm may be intangible. *See id.*; *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## THE FAIR DEBT COLLECTION PRACTICES ACT

6. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged, and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

7. In order to protect gullible consumers, the Sixth Circuit, "in determining whether a statement qualifies as misleading, employs an objective, 'least-sophisticated-consumer' test." *Miller v. Javitch, Block & Rathbone*, 561 F.3d 588, 592 (6th Cir. 2009); *Smith v. Computer Credit, Inc.*, 167 F.3d 1052, 1054 (6th Cir. 1999) ("The least sophisticated debtor standard is 'lower than simply examining whether particular language would deceive or mislead a

reasonable debtor'") (quoting *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222, 1225 (9th Cir. 1988)).

8. "Federal courts have broadly recognized the FDCPA as a strict-liability statute." *Gamby v. Equifax Info. Servs. LLC*, 462 F. App'x 552, 556 (6th Cir. 2012) (citing *Turner v. J.V.D.B. & Assocs., Inc.*, 330 F.3d 991, 995 (7th Cir. 2003)).

9. "Structured as such, the FDCPA functions both to protect the individual debtor and advance the declared federal interest in 'eliminat[ing] abusive debt collection practices.'" *Stratton v. Portfolio Recovery Associates, LLC*, 770 F. 3d 443, 449 (6th Cir. 2014), *as amended* (Dec. 11, 2014) (quoting 15 U.S.C. § 1692(e)).

## PARTIES

10. Plaintiff is a natural person who at all relevant times resided in the State of Tennessee, County of Rutherford, and City of Smyrna.

11. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

12. Defendant is an entity who at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

13. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

14. Plaintiff is a natural person allegedly obligated to pay a debt.

15. Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—namely, personal medical services (the "Debt").

16. Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts.

17. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

18. In connection with the collection of the Debt, Defendant sent Plaintiff a letter dated November 14, 2017.

19. A true and correct copy of Defendant's November 14, 2017 letter is attached to this complaint as Exhibit A.

20. The November 14, 2017 letter was Defendant's initial communication with Plaintiff with respect to the Debt.

21. Defendant's November 14, 2017 letter purported to contain the notices required in an initial communication by 15 U.S.C. § 1692g(a).

22. However, nowhere in Defendant's November 14, 2017 letter does it meaningfully convey the identity of the creditor to whom the debt is owed.

23. Plaintiff received and read Defendant's November 14, 2017 letter.

24. Upon reading the letter, Plaintiff was unsure of who the current creditor was.

25. The only information Defendant provided as to debt's origination is that it stated that the "Facility" was Stonecrest Medical Center.

26. The least sophisticated consumer would not understand that "facility" was equivalent to the identity of the current creditor to whom the debt is owed (if that is what Defendant was attempting to convey).

27. Rather, "facility" may simply indicate that the location where the services were rendered.

28. Often when a medical visit occurs, there are many different independent contractors at a given facility that perform services on a patient, and the patient may receive different bills from, e.g., a doctor, a specialist, a laboratory, etc.

29. In addition, debts are often bought and sold, purchased and assigned, to different entities other than where the debt originated.

30. Defendant's November 14, 2017 letter does not indicate to whom the Debt is currently owed.

31. Defendant's November 14, 2017 letter does not explain its relationship to Stonecrest Medical Center.

32. Therefore, Defendant's November 14, 2017 letter failed to meaningfully convey the name of the creditor to whom the Debt is owed.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692g(a)(2)

33. Plaintiff repeats and re-alleges each factual allegation above.

34. A key provision of the FDCPA is § 1692g, which requires a debt collector to send, within five days of its initial communication with a consumer, a written notice which provides information regarding the debt and informs the consumer of his or her right to dispute the validity of the debt within 30 days of receipt of the notice. *See* 15 U.S.C. § 1692g(a).

35. Congress adopted "the debt validation provisions of section 1692g" to guarantee that consumers would receive "adequate notice" of their rights under the FDCPA. *Wilson v. Quadramed Corp.,* 225 F.3d 350, 354 (3d Cir. 2000) (citing *Miller v. Payco–General Am. Credits, Inc.,* 943 F.2d 482, 484 (4th Cir. 1991)).

36. This validation requirement is a "significant feature" of the law that aimed to "eliminate the recurring problem of debt collectors dunning the wrong person or attempting to collect debts which the consumer has already paid." *See Hernandez v. Williams, Zinman & Parham PC*, 829 F.3d 1068, 1070 (9th Cir. 2016) (citing S. Rep. No. 95-382, at 4 (1977)).

37. "Viewed from the perspective of the least sophisticated consumer, the Validation Notice must effectively convey the identity of the creditor." *Youssofi v. CMRE Fin. Servs., Inc.*, No. 15CV2310 JM(WVG), 2016 WL 4098312, at *3 (S.D. Cal. Aug. 2, 2016).

38. "Merely including the current creditor's name in a debt collection letter, without more, is insufficient to satisfy 15 U.S.C. § 1692g(a)(2)." *McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *4 (E.D.N.Y. Oct. 17, 2016); *see Datiz v. Int'l Recovery Assocs., Inc.*, No. 15-CV-

-6-
Case 3:18-cv-00418  Document 1  Filed 05/02/18  Page 6 of 8 PageID #: 6

3549, 2016 WL 4148330, at *11 (E.D.N.Y. Aug. 4, 2016) ("[A] debt collector cannot satisfy Section 1692g(a)(2) by naming an entity without explicitly or implicitly making clear in the letter that the entity is the debtor's current creditor to whom a debt is owed.").

39. Defendant violated 15 U.S.C. § 1692g(a)(2) by failing to meaningfully convey to Plaintiff the name of the creditor to whom the alleged debt is owed.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1692g(a)(2);

b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

## TRIAL BY JURY

40. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 2, 2018.

Respectfully submitted,

/s/ Paul K. Guibao
Paul K. Guibao
Attorney for Plaintiff
242 Poplar Ave.
Memphis, TN 38103
Telephone: (602) 445 9819
Facsimile: (866) 565 1327
Email: pguibao@thompsonconsumerlaw.com

Correspondence address:
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave D106-618
Mesa, AZ 85206