# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| STEPHEN SAMPLES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | NO. 3:18-cv-00418 |
| MEDICREDIT, INC., | ) | JUDGE CAMPBELL |
| | ) | MAGISTRATE JUDGE NEWBERN |
| Defendant. | ) | |

## MEMORANDUM

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. No. 23). Plaintiff filed a Response in Opposition (Doc. No. 27) and Defendant filed a Reply (Doc. No. 28). For the reasons discussed below, Defendant's Motion is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff filed this action on May 2, 2018, alleging Defendant violated Section 1692g(a)(2) of the Fair Debt Collection Practices Act ("FDCPA") by sending Plaintiff a debt collection letter that failed to meaningfully convey the name of the creditor to whom Plaintiff's alleged debt was owed. (Doc. No. 1 ¶¶ 22-39). Plaintiff alleges the only information Defendant provided in the letter as to the debt's origination was that the "Facility" was Stonecrest Medical Center. (*Id*. ¶ 25). Plaintiff further alleges Defendant's letter "does not explain [Defendant's] relationship to Stonecrest Medical Center" and that "[t]he least sophisticated consumer would not understand that 'facility' was equivalent to the identity of the current creditor to whom the debt is owed…Rather, 'facility' may simply indicate that the location where the services were rendered." (*Id*. ¶¶ 31, 26-27). The letter at issue is attached as an exhibit to the Complaint, Doc. No. 1-2, and is reproduced below:

**MEDICREDIT, INC.**
PO Box 1629
Maryland Heights, MO 63043-0629
**Phone: 800-823-2318**

> You can also pay by check or credit card at our website:
> *www.medicreditcorp.com*

Account #: 75559022                                                                                      Balance due on file:         $2,280.52
# of Accounts on File:   1

The account(s) listed below have been placed with this agency with the full intention of collecting on this account(s).  Please give this past due account(s) the attention it deserves.

For phone payments or express mail, or MoneyGram information, call between 8:00am and 8:00pm Monday through Thursday, 8am and 5pm Friday, and 9am and 1pm Saturday. All times are Central Time Zone.

Please call to make a payment by
check or credit card by telephone

**Important Notice:**
Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute the validity of this debt or any portion of it, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request this office in writing within 30 days after receiving this notice this office will provide you with the name and address of the original creditor, if different from the current creditor.

| Client Account # | Facility | Patient Name | Date of Service | Balance |
|---|---|---|---|---|
| 510614301 | Stonecrest Medical Center | Stephen Samples | 05/21/2017 | 2,280.52 |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

Call us toll free at 800-823-2318.

**This communication is from a debt collector and is an attempt to collect a debt.**
**Any information obtained will be used for this purpose.**

> \>\>\> *Please see reverse side for credit card payments* \<\<\<

***Detach Lower Portion and Return with Payment***

TTTOGW01                                                                                 Account #: 75559022
PO Box 1280                                                                              Balance Due on File: $2,280.52
Oaks PA 19456-1280                                                                       Statement Date: November 14, 2017

ADDRESS SERVICE REQUESTED

                                                                                         **Mail all Correspondence to:**

Stephen Erik Samples                                                                     MEDICREDIT, INC.
[Redacted]                                                                               PO Box 1629
                                                                                         Maryland Heights, MO 63043-0629

(Doc. No. 1-2). The bottom portion of the collection letter is a detachable payment slip, with spaces for recipients to provide their credit card information. (*Id.*).

On February 21, 2019, Defendant moved for judgment on the pleadings, arguing Plaintiff's claim under Section 1692g(a)(2) should be dismissed because its "collection letter makes clear the name of the creditor." (Doc. No. 23).

## II. STANDARD OF REVIEW

"After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for evaluating a motion for judgment on the pleadings is the same as that applicable to a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Hayward v. Cleveland Clinic Found.*, 759 F.3d 601, 608 (6th Cir. 2014). "In reviewing a motion for judgment on the pleadings, we construe the complaint in the light most favorable to the plaintiff, accept all of the complaint's factual allegations as true, and determine whether the plaintiff undoubtedly can prove no set of facts in support of the claims that would entitle [him to] relief." *Id.* (internal quotation marks and citations omitted). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, *i.e.*, more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)).

In ruling on a motion under Rule 12(c), the court may look only at the "pleadings." *Doe v. Belmont Univ.*, 334 F. Supp. 3d 877, 887 (M.D. Tenn. 2018). The term "pleadings" includes both the complaint and the answer, Fed. R. Civ. P. 7(a), and "[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes." Fed. R. Civ. P. 10(c). Documents

attached to a motion are considered part of the pleadings only if they are referred to in the plaintiff's complaint and are central to its claim. *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001).

Plaintiff filed a document titled "Conditions of Admission and Consent for Outpatient Care" as an exhibit to his Response to Defendant's Motion. (Doc. No. 27-1, Ex. A). Additionally, Plaintiff's Response cites an article from the New York Times, Stonecrest Medical Center's website, and an FTC study. (Doc. No. 27 at 10-11). These materials are not referred to in the Complaint and are not attached to the Complaint or answer as exhibits. For purposes of the instant motion, the Court will not consider the "Conditions of Admission and Consent for Outpatient Care", New York Times article, Stonecrest Medical Center website, and FTC study. *See Max Arnold & Sons, LLC v. W.L. Hailey & Co., Inc.*, 452 F.3d 494, 503 (6th Cir. 2006) ("The district court remains free *to refuse to accept* materials outside the pleadings in order to keep the motion under Rule 12(c) ...." (quoting 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371 (3d ed. 2004))).

### III. ANALYSIS

#### A. Fair Debt Collection Practices Act

Congress enacted the FDCPA because of "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" that "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Macy v. GC Servs. Ltd. P'ship*, 897 F.3d 747, 756 (6th Cir. 2018) (quoting 15 U.S.C. § 1692(a)). Thus, Congress enacted the FDCPA in order "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." *Fed. Home Loan Mortg. Corp.*

*v. Lamar*, 503 F.3d 504, 508 (6th Cir. 2007) (quoting 15 U.S.C. § 1692(e)). To advance these goals, the FDCPA codified several specific consumer-protective rights, including those in Section 1692g, which sets out requirements for a debt collector's "initial communication with a consumer in connection with the collection of any debt[.]" *Macy*, 897 F.3d at 756-57 ("[t]he aim of § 1692g is to … make the rights and obligations of a potentially hapless debtor as pellucid as possible."). Specifically, as relevant in the present case, Section 1692g(a)(2) requires debt collectors to include "the name of the creditor to whom the debt is owed" on notices they issue to debtors. 15 U.S.C. § 1692g(a)(2).

"[T]he FDCPA gives consumers a private right of action to enforce its provisions against debt collectors." *Macy*, 897 F.3d at 757 (citing 15 U.S.C. § 1692k(a)). To determine whether a debt collector's conduct runs afoul of the FDCPA, "courts must view any alleged violation through the lens of the 'least sophisticated consumer'—the usual objective legal standard in consumer protection cases." *Stratton v. Portfolio Recovery Assocs., LLC,* 770 F.3d 443, 450 (6th Cir. 2014). Under this standard, to comply with Section 1692g(a)(2), a debt collector's letter must "effectively convey" "the name of the creditor to whom the debt is owed" to the least sophisticated consumer. *Smith v. Computer Credit, Inc.,* 167 F.3d 1052, 1054 (6th Cir. 1999). The determination of whether the notice Defendant sent to Plaintiff satisfied the requirements of Section 1692g is a question of law. *Fed. Home Loan*, 503 F.3d at 508 n. 2; *Savage v. Hatcher*, 109 F. App'x 759, 762 (6th Cir. 2004) ("[i]t is well-settled that courts may properly make the objective determination whether language effectively conveys a notice of rights to the least sophisticated debtor.").

**B. Defendant's Collection Letter**

Defendant argues Plaintiff fails to state a claim under the FDCPA because its debt collection letter complies with the disclosure requirements of Section 1692g(a)(2) by "includ[ing]

5

enough information to lead even the least sophisticated consumer to understand that Stonecrest Medical Center was the creditor…" (Doc. No. 24 at 11). In support of its argument, Defendant notes that its collection letter 1) states "[t]his communication is from a debt collector and is an attempt to collect a debt"; 2) includes the name of the current creditor Stonecrest Medical Center under the term "Facility"; and 3) "includes the date of service, the account number, the client account number, and the amount of the debt owed." (*Id*. at 10). Additionally, Defendant contends it "is explicitly identified as the debt collector, ergo Stonecrest Medical Center must be the creditor." (Doc. No. 28 at 2).

It is undisputed that Defendant's collection letter does not explicitly identify Stonecrest Medical Center, or any other entity, as either the original or current creditor. (Doc. No. 1-2). Rather, Defendant's letter states: "The account(s) listed below have been placed with this agency with the full intention of collecting on this account(s)." (*Id*.). However, Defendant's letter includes two different account numbers below the statement "The account(s) listed below have been placed with this agency with the full intention of collecting on this account(s)." (*Id*.). One account number is referenced beneath the heading "Client Account #" and a second account number is included on the payment slip addressed to Defendant. (*Id*.). The term "Client Account" is not defined nor is term "Client" included anywhere else in Defendant's letter. Although Defendant's letter states it is from a debt collector attempting to collect a debt, the letter does not identify Stonecrest Medical Center as a client or even a customer. (*Id*.).

While the identity of the current creditor may be effectively conveyed implicitly rather than explicitly, the Court is not convinced that the least sophisticated consumer would be able to deduce from Defendant's letter that Stonecrest Medical Center is the current creditor to whom Plaintiff's debt is owed for purposes of Section 1692g(a)(2), given that the letter does not identify Stonecrest

6

Medical Center as the current creditor, Defendant's client, or otherwise specify Defendant's relationship to Stonecrest Medical Center. *See McGinty v. Prof'l Claims Bureau, Inc.*, No. 15CV4356SJFARL, 2016 WL 6069180, at *13 (E.D.N.Y. Oct. 17, 2016) ("The Collection Letters do not support an inference that the Medical Providers are Plaintiffs' current creditors because they neither identify the Medical Providers as PCB's clients, nor state that PCB is collecting the debts on their behalf.... Rather, the Collection Letters state that Plaintiffs' debts have 'been referred to [PCB's] offices for collection,' which is insufficient to satisfy Section 1692g(a)(2)."); *Eun Joo Lee v. Forster & Garbus, LLP,* 926 F. Supp. 2d 482, 487 (E.D.N.Y. 2013) (plaintiff stated plausible claim for the violation of Section 1692g(a)(2) where creditor was "mentioned" but "the letter does not clearly and effectively convey its role in connection with the debt"); *cf. Wright v. Phillips & Cohen Assocs., Ltd.*, No. 12-cv-4281, 2014 WL 4471396, at *4-5 (E.D.N.Y. Sept. 10, 2014) (determining least sophisticated consumer would have known who the current creditor was even though the letter "included the name of the current creditor, PAG, next to the label 'Client,' rather than explicitly stating that PAG is the current creditor" because the body of the letter also stated "Your account has been referred to our office for collection on behalf of our above referenced client"); *Lindley v. TRS Recovery Associates*, No. 2:12-CV-109, 2012 WL 6201175, at *1 (S.D. Tex. Dec. 12, 2012) (concluding collection letter did not violate 15 U.S.C. § 1692g(2)(a) because it identified the creditor as the defendant's customer).

Defendant cites cases that hold such an interpretation would be unreasonable because Stonecrest Medical Center is the only other entity besides Defendant mentioned on the notice. *See Lait v. Med. Data Sys., Inc.*, No. 1:17-CV-378-WKW, 2018 WL 1990513, at *5 (M.D. Ala. Apr. 26, 2018) ("Although the letter did not come right out and say 'the name of the creditor to whom the debt is owed is Medical Center Enterprise,' it expressly noted that the letter 'is an attempt to

7

collect a debt,' identified Medical Revenue Service as the collection agency/debt collector, explained that the account indicated below the text was placed with the agency for collection, and then listed Medical Center Enterprise as the 'Facility Name' that corresponded to the delinquent account. *It is hard to imagine to whom the least sophisticated consumer would think he owes money if not Medical Center Enterprise…*" (emphasis added)); *Philips v. Cent. Fin. Control*, No. 2:17-CV-02011-RDP, 2018 WL 3743221, at *3–5 (N.D. Ala. Aug. 7, 2018) (same); *Macelus v. Capital Collection Serv.*, No. CV 17-2025 (RBK/JS), 2017 WL 5157389, at *2-3 (D.N.J. Nov. 7, 2017) (finding collection letter complied with Section 1692g(a)(2) where "Account for: Advanced Endoscopy & Surgical Ctr, LLC" was the sole reference to the creditor because the body of the letter stated it was an attempt to collect a debt by the debt collector).

However, these cases "don't account for the possibility that consumers might construe the notice … to mean that they now owe the debt only to the debt collector itself .… Unsophisticated consumers should not be expected to know that under the FDCPA a debt collector cannot also be a creditor." *Anderson v. Ray Klein, Inc.*, No. 18-11389, 2019 WL 1568399, at *3 (E.D. Mich. Apr. 10, 2019) (citing *Scheuer v. Jefferson Capital Sys., LLC*, 43 F. Supp. 3d 772, 780-82 (E.D. Mich. 2014)). Here, the fact that Defendant's letter references multiple account numbers, identifies one of the account numbers as a "Client Account #" without indicating who the referenced "Client" is, contains a single reference to Stonecrest Medical Center under the heading "Facility", and has the payment slip addressed to Defendant rather than Stonecrest Medical Center could all lead the least sophisticated consumer to conclude that Defendant – not Stonecrest Medical Center – is the current creditor to whom Plaintiff's debt is owed. *See, e.g.*, *White v. Prof'l Claims Bureau, Inc.*, 284 F. Supp. 3d 351, 362-63 (E.D.N.Y. 2018) (finding collection letters deficient under Section 1692g(a)(2) where letters contained a single reference to the creditor-medical institution and the

8

payment slips in the letters were addressed to the defendant rather than to the creditor-medical institution) ("based on the language in defendant's letters alone, this Court finds that it would be *at best* unclear to the "least sophisticated consumer" which entity owned plaintiffs' debts. In fact, the Court believes it is equally, if not more likely, that recipients would read these collection notices to suggest that the creditor they would be paying was defendant.").

Thus, construing the Complaint in the light most favorable to Plaintiff, the Court finds the allegations in the Complaint state a plausible claim that Defendant violated Section 1692g(a)(2). Accordingly, Defendant's Motion for Judgment on the Pleadings is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR
UNITED STATES DISTRICT JUDGE